**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott P. Wilson,<br><br>                    Plaintiff,<br><br>vs.<br><br>Alliant Techsystems Inc.,<br><br>                    Defendant. | No. CV-11-00503-TUC-CRP<br><br>**ORDER** |

Plaintiff commenced this employment law action by filing a pro se complaint on August 15, 2011. Doc. 1. Six weeks later he filed an amended complaint, asserting a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and unspecified claims based on religion and fraud. Doc. 7. In an order dated December 6, 2011 (Doc. 10), the Court granted Plaintiff's application to proceed *in forma pauperis* (Doc. 2) and screened the amended complaint pursuant to 28 U.S.C. § 1915(e)(2). The Court found that the pleading failed to assert subject matter jurisdiction and failed to state a claim to relief. Doc. 10 at 2-4. Plaintiff was provided guidance on how to satisfy Rule 8 of the Federal Rules of Civil Procedure and was given 30 days to file an amended pleading. *Id.*

Plaintiff filed a second amended complaint on January 6, 2012. Doc. 11. The complaint purports to assert four claims: an ADA claim (*id.* ¶¶ 8-16), a "general tort"

claim (¶ 17), a Title VII religious discrimination claim (¶¶ 18-21), and a fraud claim (¶ 22). For reasons that follow, the Court finds that the complaint sufficiently asserts federal jurisdiction, but only the ADA claim survives dismissal.

**I.     Jurisdiction.**

The Court previously found that it is without subject matter jurisdiction because although the first amended complaint asserts a claim under the ADA, a federal statute, Plaintiff failed to allege that he filed a charge with the EEOC. Doc. 10 at 2-3. This deficiency has been cured. The second amended complaint alleges that Plaintiff has exhausted administrative remedies and received a "right to sue" letter from the EEOC. Doc. 11 ¶¶ 1-2. In short, the complaint sufficiently states "the grounds for the [C]ourt's jurisdiction." Fed. R. Civ. P. 8(a)(1); *see* 28 U.S.C. § 1331.

**II.    ADA Claim.**

To state a prima facie case for discrimination under the ADA, a plaintiff must allege that "he is a qualified individual with a disability who suffered an adverse employment action because of his disability." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1090 (9th Cir.2004) (quotation marks and citation omitted); *see* 42 U.S.C. § 12112(a)). A qualified individual with a disability "means an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Id*. at 1089 (quoting 42 U.S.C. § 12111(8)).

The second amended complaint alleges that Plaintiff has a disability, including depression, hearing loss, and vision loss (Doc. 11 ¶ 11), that these conditions have been corrected or ameliorated (¶¶ 12-14), that absent the disability he is able to perform the job he had with Defendant (¶ 10), and that he was terminated because his medical needs made certain members of Defendant's management "uneasy" (¶ 16). The complaint further alleges, albeit in conclusory fashion, that Plaintiff "is a person with a disability who with reasonable accommodations could perform the essential functions of his employment (¶ 9) and that Defendant "improperly terminated [his] employment . . . [by]

willfully ignoring the disability" (¶ 8).

Construing the pro se complaint liberally, as is required in this Circuit, *see Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), the Court finds that the pleading sufficiently states a claim to relief under the ADA. The facts alleged in support of the ADA claim, when read liberally, constitute "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Stated differently, the allegations are sufficient to give Defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff has met his "burden of pleading [an ADA] claim that is plausible[.]" *al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009).

**III.   Tort Claim.**

The one-sentence "general tort" claim alleges only that "Defendant caused the Plaintiff['s] hearing loss by having [his] desk in a too noisy environment." Doc. 11 ¶ 17. The complaint fails to specify the nature of the alleged tort. Nor does it identify any duty on the part of Defendant that may have been breached. The claim, on its face, appears to be barred by workers' compensation law. *See St. George v. Home Depot U.S.A., Inc.*, No. CV-04-1210-PCT-LOA, 2006 WL 3147661, at *4 (D. Ariz. Nov. 1, 2006) (Arizona's workers' compensation scheme provides the exclusive remedy for workers injured on the job) (citations omitted). The "general tort" claim will be dismissed for failure to state a claim to relief.

**IV.   Title VII Claim.**

With respect to the Title VII claim, Plaintiff alleges generally that he was terminated for "religious reasons." Doc. 11 ¶ 18. The only facts presented in support of this claim are that Plaintiff is a Christian clergyman, his supervisor openly "expressed views opposed to formal Christian worship," and Plaintiff was given time off as a religious accommodation only "begrudgingly" and after "considerable discussion." *Id.* ¶¶ 19-20.

Where the well-pleaded facts "do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged – but has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949.  The second amended complaint does not include facts sufficient to create a nexus between Plaintiff's religious worship and his termination.  Stated differently, Plaintiff has not shown that he was terminated because of his religion.  *See* 42 U.S.C. § 2000e-2(a)(1).  Nor has he shown that he otherwise was subjected to an adverse employment action or a hostile work environment based on religion.  *See Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1109-10 (9th Cir. 2000) (to violate Title VII the harassment must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment").  The Title VII claim (Doc. 11 ¶¶ 18-21) will be dismissed.

**V.     Fraud Claim.**

Plaintiff was terminated, the second amended complaint alleges, because he "would not engage in deception on a Department of Defense required audit."  Doc. 11 ¶ 22.  Plaintiff asserts that this "constitutes dismissal for failure to be involved in fraud against the United States" (*id.*), but cites no statute or other law showing a valid cause of action.  Nor does Plaintiff allege fraud with "particularity" as required by Rule 9(b) of the Federal Rules of Civil Procedure – that is, the complaint fails to plead the "'who, what, when, where, and how' of the misconduct charged."  *Vess v. Ciba-Geigy Corp. U.S.A.*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted).  The fraud claim will (Doc. 11 ¶ 22) be dismissed.

**VI.    Leave to Amend.**

The Court recognizes that leave to amend should be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  Plaintiff, however, already has amended his complaint twice: once as a matter of course (Doc. 7) and again in response to the Court's initial screening order (Docs. 10, 11).  Those amendments failed to cure certain pleading deficiencies.  Before the filing of the second amended complaint, Plaintiff was advised of Rule 8's pleading requirements as interpreted by the Supreme Court in *Twombly* and *Iqbal*.  Doc. 10 at 2-4.  Plaintiff has not shown, and it does not otherwise appear to the

Court, that the second amended complaint's deficiencies can be cured through additional amendment. The Court therefore will deny leave to file a third amended complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend may be denied as futile); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (affirming denial of leave to amend where the claims could not be saved by amendment).

**VII.  Plaintiff's Obligations.**

Plaintiff is reminded that although he is proceeding pro se, he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"). *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). The Federal Rules of Civil Procedure and the Court's Local Rules may be obtained in the Clerk's Office and online at the Court's Internet website: www.azd.uscourts.gov (follow link titled "Rules/General Orders").

Plaintiff is advised that he is responsible for having the summons and complaint properly served on Defendant within the time allowed by Rule 4(m) of the Federal Rules of Civil Procedure. If Plaintiff fails to prosecute this action, or if he fails to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**IT IS ORDERED:**

1.  Plaintiff's general tort claim, Title VII claim, and fraud claim (Doc. 11 ¶¶ 17-22) are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim to relief. The ADA claim (Doc. 11 ¶¶ 8-16) survives dismissal.

. . . . . . .

. . . . . . .

. . . . . . .

2. Plaintiff is responsible for effectuating service of process on Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Dated this 2nd day of February, 2012.

*/s/ Charles R. Pyle*

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE