**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott P. Wilson,<br><br>        Plaintiff,<br><br>vs.<br><br>Alliant Techsystems Inc.,<br><br>        Defendant. | No. CV-11-00503-TUC-CRP<br><br>**ORDER** |

      Plaintiff commenced this employment law action by filing a *pro se* complaint on August 15, 2011. (Doc. 1). Six weeks later he filed an amended complaint, asserting a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and unspecified claims based on religion and fraud. (Doc. 7). In an order dated December 6, 2011, the Court granted Plaintiff's application to proceed *in forma pauperis* (Doc. 2) and screened the amended complaint pursuant to 28 U.S.C. § 1915(e)(2). (Doc. 10). The Court found that the pleading failed to assert subject matter jurisdiction and failed to state a claim to relief. Doc. 10 at 2-4. Plaintiff was provided guidance on how to satisfy Rule 8 of the Federal Rules of Civil Procedure and was given 30 days to file an amended pleading. *Id.*

Plaintiff filed a second amended complaint on January 6, 2012. (Doc. 11). Construing Plaintiff's second amended complaint liberally, the Court found Plaintiff's ADA claim survived dismissal. (Doc. 12). The Court advised Plaintiff that he is responsible for having the summons and complaint properly served on Defendant within the time allowed by Rule 4(m) of the Federal Rules of Civil Procedure. The Court further advised Plaintiff that if he fails to prosecute this action, or if he fails to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir.1995).

The Court also reminded Plaintiff that although he is proceeding *pro se*, he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"). *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir.1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). The Federal Rules of Civil Procedure and the Court's Local Rules may be obtained in the Clerk's Office and online at the Court's Internet website: www.azd.uscourts.gov (follow link titled "Rules/General Orders").

To date, Plaintiff has failed to provide the Court with proof of service as required by Federal Rule of Civil Procedure 4(l). Plaintiff had 120 days to effectuate service of process on Defendant. Fed.R.Civ.P. 4(m). The 120 day time limit has expired and it appears Plaintiff has not yet effectuated service. When a plaintiff fails to effectuate service in the time allowed, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m). The Court will order that Plaintiff effectuate service within a specified time. If Plaintiff fails to prove to the Court that he has effectuated service within the Court-specified time, the Court will dismiss Plaintiff's case.

**IT IS ORDERED** Plaintiff shall effectuate service, properly following the

requirements of Rule 4 of the Federal Rules of Civil Procedure, on or before **Friday, June 15, 2012**. Within that same time period, after effectuating service, Plaintiff must provide this Court with proof of service that conforms to the requirements of Rule 4. If Plaintiff fails to provide this Court with proof of service, the Court will dismiss Plaintiff's case.

Dated this 15th day of May, 2012.

*[signature]*

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE