IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott P Wilson,<br><br>                  Plaintiff,<br><br>vs.<br><br>Alliant Techsystems, Inc.,<br><br>                  Defendant. | No. cv-11-503-TUC-FRZ (CRP)<br><br>**REPORT AND RECOMMENDATION** |

Two issues are before the Court. First, Defendant filed a motion to dismiss requesting the Court dismiss the case with prejudice for Plaintiff's failure to comply with court orders and respond to discovery requests. (Doc. 32). Second, the Magistrate Judge ordered Plaintiff complete the financial affidavit attached to the Court's order dated December 10, 2012. (Doc. 36). The Magistrate Judge recommends granting the motion to dismiss and dismissing Plaintiff's case with prejudice. Plaintiff continues to not comply with court orders and not respond to discovery requests.

The Federal Rules of Civil Procedure provide that the Court may dismiss a case as a remedy for failure to obey scheduling or discovery orders. Fed.R.Civ.P. 16(f), 37(b). The Court may also dismiss a case, as Plaintiff has been warned, for failure to comply with Court rules and orders. Fed.R.Civ.P. 41(b), *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992). The Court must consider the following factors when determining whether to dismiss an action: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic

alternatives." *Ferdik*, 963 F.2d at 1260-1261.

Plaintiff's failure to follow court rules and orders and his failure to respond to Defendant's discovery requests are cataloged in the Order to Show Cause. (*See* Doc. 30). After the show cause hearing, the Magistrate Judge permitted the case to continue because Plaintiff informed the Court that health issues had prevented him from complying with the rules and that those health issues were now resolved. (*See* Doc. 36). Subsequent to that order, Plaintiff has continued to fail to follow court orders and respond to discovery requests. The Magistrate Judge highlights three examples. First, Plaintiff was warned that he must file a response to the motion to dismiss on or before December 19, 2012. (Doc. 33). Plaintiff did not file a response until December 26, 2012. (Doc. 39). Second, Plaintiff was required to provide certain discovery to Defendant on or before December 21, 2012. (Doc. 36, pp. 1-2). In its reply to the motion to dismiss, Defendant informed the Court that it has not received that discovery. (Doc. 40, p. 2). Third, the Court ordered Plaintiff to complete a financial affidavit on or before January 4, 2013. (Doc. 36, p. 2). To date, Plaintiff has not completed and filed that affidavit.

In considering the five factors for dismissal, Plaintiff has continually slowed the progress of this case to the disadvantage of expeditious resolution and management of the Court's docket. Further, Plaintiff's behavior has caused Defendant to incur additional costs in its efforts to obtain discovery. Defendant continues to be prejudiced by Plaintiff's behavior. For instance, included in the outstanding discovery are HIPPA compliant medical release forms that Defendant must receive before it can do any discovery into Plaintiff's alleged disabilities. Defendant cannot litigate this case without being provided the facts. While resolution on the merits is preferred, the Court cannot resolve a case that Plaintiff refuses to litigate. Further, Plaintiff has been warned multiple times and given second chances. Less drastic alternatives have not worked.

Finally, the Magistrate Judge notes that Plaintiff is proceeding *in forma pauperis* having averred to the Court that he is living on $700/month. (Doc. 2). While discussing

discovery issues during the hearing on December 4, 2012, the Magistrate Judge was made aware of a 2011 tax return filed by Plaintiff in which he declared more than $142,000 in income. In its reply to the motion to dismiss, Defendant offered Plaintiff's tax return as an exhibit. (Doc. 40-1). The Magistrate Judge ordered Plaintiff to submit further information on his financial status by completing the financial affidavit that the Magistrate Judge attached to the order. Plaintiff had until January 4, 2013 to complete that affidavit and as noted above, Plaintiff failed to complete the affidavit. The court "shall dismiss the case at any time if the court determines that the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

**Recommendation**

The Magistrate Judge recommends the District Court grant Defendant's Motion to Dismiss and dismiss this case with prejudice. (Doc. 32). Plaintiff has continuously failed to follow court orders and rules and to comply with discovery. Further, Plaintiff's failure to complete the court-ordered financial affidavit while proceeding *in forma pauperis* warrants dismissal of this case as well.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(2), the parties have fourteen days to serve and file written objections to the report and recommendation as provided by the rules of court. Responses to objections are due fourteen days after being served with a copy of the objections. No replies will be permitted without leave of the District Court. All objections should reference the case as cv-11-503-FRZ.

Dated this 11th day of January, 2013.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE