IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott P. Wilson., | No. CV 11-503-TUC-FRZ |
| Plaintiff, | **ORDER** |
| vs. | |
| Alliant Techsystems, Inc., | |
| Defendants. | |

Pending before the Court is a Report and Recommendation issued by Magistrate Judge Pyle that recommends dismissing this case with prejudice. As the Court finds that Magistrate Judge Pyle's recommendation of dismissal is warranted, Plaintiff's objections are rejected.[1]

---

[1] The Court reviews de novo the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998). The Court notes that Plaintiff filed a document purporting to be an "appeal." To the extent the "appeal" could be considered written objections to the Report and Recommendation, they are rejected. In addition, the purported "appeal" relates to a non-final, non-appealable order, and does not deprive this Court of jurisdiction. *See Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993)("As a general rule, [t]he filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal . . . This transfer of jurisdiction from the district court to the court of appeals is not effected, however, if a litigant files a notice of appeal from an unappealable order."); *Ruby v. Secretary of U. S. Navy*, 365 F.2d 385 (9th Cir. 1966)("Where the deficiency in a notice of appeal, by reason of . . . reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction"; holding that the district court correctly determined that its "jurisdiction [had] not been ousted by a purported notice of appeal, because the latter was not taken from an appealable order."); *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 817-818 (9th Cir. 1961)("A decision which leaves some matter in controversy open for future determination before the rights of the parties are conclusively adjudicated is interlocutory . . . not final [and is not appealable"; "The improvident taking of an appeal cannot effectively destroy the authority of the court below to proceed upon motions properly before it"); *Hoffman for and on Behalf of N.L.R.B. v. Beer*, 536 F.2d 1268, 1272 (9th Cir. 1976)("an appeal from a nonappealable order does not deprive a district court of jurisdiction."); *Sheet Metal Workers' Intern Assoc. Local Union N. 359 v. Madison Industries, Inc. of Arizona*, 84 F.3d 1186, 1193 (9th Cir. 1996)("Filing of a notice of appeal from a non-final judgment is not effective to divest the district court of jurisdiction . . .").

1  Accordingly, IT IS HEREBY ORDERED as follows:
2  (1) Magistrate Judge Pyle's Report and Recommendation (Doc. 41) is accepted and adopted.
3  (2) This case is dismissed with prejudice and the Clerk of the Court shall enter judgment.

6  DATED this 22nd day of February, 2013.

*Frank R. Zapata*
Frank R. Zapata
**Senior United States District Judge**